IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**BARBARA DAVIDSON**                                                                                    **PLAINTIFF**

**v.**                                            **2:06CV00133-WRW**

**CINGULAR WIRELESS LLC,**
**d/b/a CINGULAR WIRELESS**                                                                  **DEFENDANT**

## ORDER

Yesterday, the parties argued the applicability of the Class Action Fairness Act of 2005 ("CAFA").[1] I find that CAFA applies and requires me to exercise jurisdiction. Plaintiff's Motion to Remand is DENIED.

**I.   Background**

This case was originally filed on March 20, 2003, in the circuit court of Phillips County, Arkansas, alleging that Defendant engaged in deceptive and misleading marketing and billing practices. Defendant removed the case on May 14, 2003.[2] The case was remanded to state court after a hearing on September 3, 2003.

Plaintiff amended her complaint on April 18, 2006, adding a usury claim. Plaintiff argued that the late fees charged by Defendant were usurious in violation of Article 19, Section 13 of the Arkansas Constitution. On May 17, 2006, Defendant filed a second Notice of Removal.[3]

---

[1] 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

[2] *Davidson v. Cingular*, 2:03CV00067-WRW.

[3] *Davidson v. Cingular*, 2:06CV00133-WRW, Doc. No. 1.

**II.     Analysis**

Defendant argues that Plaintiff's amended complaint is governed by CAFA,[4] which requires the exercise of federal jurisdiction over qualifying class actions in which there is minimal diversity, the aggregate amount in controversy exceeds $5,000,000 and there are 100 or more class members. CAFA applies to any class action that is "commenced" on or after is effective date of February 18, 2005.

Plaintiff argues that this action commenced in March 2003; therefore, CAFA does not apply. Defendant argues that CAFA is applicable because the amended complaint raised a new claim unrelated to the claims made in Plaintiff's original complaint, and, therefore there is no "relation back."

The Eighth Circuit recently held that filing an amended complaint in an action that was pending in state court before CAFA's effective date will "commence" a new action under CAFA if the amendment does not relate back to the original complaint.[5]

Both Ark. R. Civ. P. 15(c)(1) and Fed. R. Civ. P. 15(c)(2) provide for relation-back when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out in the original pleading. Defendant argues that no commonality of facts exists between the two complaints because Plaintiff's original complaint did not give it any notice that the legality of its late fees was being challenged.  In her original complaint, Plaintiff's claims arose "out of the deceptive

---

[4] 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

[5] *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006)(ruling that whether an amendment will "commence" a new action under CAFA depends on "whether the amendment relates back or is instead a new action").

and misleading marketing and billing practices utilized by Defendant."[6]  Moreover, in the first motion to remand hearing, Plaintiff characterized her claim as a challenge to Defendant's marketing practices.[7]  Late fees were not mentioned in the original complaint.

In contrast, in the amended complaint, Plaintiff raises a new allegation concerning Defendant's late fees.  The conduct, transaction, or occurrence alleged in Plaintiff's original complaint was deceptive marketing practices, while the conduct, transaction, or occurrence alleged in the amended complaint is imposition of a late fees.  These are separate claims that arose from separate conduct; so, Plaintiff's new usury claim does not relate back, and a new action was commenced.

Plaintiff filed her amended complaint on April 18, 2006, after the effective date of CAFA.  CAFA provision applies; therefore, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED this 12th day of October, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 3, p.1.

[7] Doc. No. 21, Ex. A.